1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FEDERAL HOME LOAN
     MORTGAGE CORPORATION,
11
                    Plaintiff,              No. 2:12-cv-02011 KJM KJN PS
12
            vs.
13
     ROBERT O. CAPRETTO, JR.,
14
                    Defendant.              ORDER AND
15   _____/      FINDINGS AND RECOMMENDATIONS

16              Presently before the court is plaintiff's motion to remand this removed unlawful

17   detainer action to the Solano County Superior Court, originally noticed for hearing on September

18   20, 2012.  (Dkt. No. 7.)[1]  On September 10, 2012, in light of defendant's failure to file an

19   opposition to the motion in accordance with E.D. Cal. L.R. 230, and because the court

20   determined that oral argument would not materially aid the resolution of the motion, plaintiff's

21   motion to remand was submitted on the record without a hearing.  (Dkt. No. 10.)  Having

22   reviewed the moving papers and record in this case, the undersigned now recommends that

23   plaintiff's motion to remand be granted and that this case be remanded to the Solano County

24   Superior Court on the grounds that this court lacks federal subject matter jurisdiction over

25   _____

26          [1] This matter proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and
     28 U.S.C. § 636(b)(1).

                                              1

1  plaintiff's unlawful detainer claim.

2      In relevant part, the federal removal statute provides:

3      (a) Except as otherwise expressly provided by Act of Congress, any
       civil action brought in a State court of which the district courts of
4      the United States have original jurisdiction, may be removed by the
       defendant or the defendants, to the district court of the United
5      States for the district and division embracing the place where such
       action is pending.

6

7  28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

8  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

9  "The removal statute is strictly construed against removal jurisdiction," id., and removal

10  jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance"

11  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation

12  and quotation marks omitted).

13      Additionally, a federal court has an independent duty to assess whether federal

14  subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors

15  Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

16  court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

17  whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,

18  342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a

19  district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms

20  Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)

21  (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.

22  1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the

23  district court lacks subject matter jurisdiction, the case shall be remanded").

24      A federal district court generally has original jurisdiction over a civil action when:

25  (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of

26  the United States" or (2) there is complete diversity of citizenship and the amount in controversy

2

1    exceeds $75,000.  <u>See</u> 28 U.S.C. §§ 1331, 1332(a).

2          In regards to federal question jurisdiction, federal courts have "jurisdiction to

3    hear, originally or by removal from a state court, only those cases in which a well-pleaded

4    complaint establishes either that federal law creates the cause of action, or that the plaintiff's

5    right to relief necessarily depends on resolution of a substantial question of federal law."

6    <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983); <u>see also</u>

7    <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he

8    presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

9    rule,' which provides that federal jurisdiction exists only when a federal question is presented on

10   the face of the plaintiff's properly pleaded complaint."  <u>Placer Dome, Inc.</u>, 582 F.3d at 1091

11   (citation and quotation marks omitted).  "In determining the existence of removal jurisdiction,

12   based upon a federal question, the court must look to the complaint *as of the time the removal*

13   *petition was filed*."  <u>Abada v. Charles Schwab & Co.</u>, 300 F.3d 1112, 1117 (9th Cir. 2002)

14   (citation and quotation marks omitted).  Mere reference to federal law is insufficient to permit

15   removal.  <u>See</u> <u>Smith v. Indus. Valley Title Ins. Co.</u>, 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere

16   presence of a federal issue in a state cause of action does not automatically confer federal

17   question jurisdiction").  Also, defenses and counterclaims cannot provide a sufficient basis to

18   remove an action to federal court.  <u>See</u> <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009); <u>Berg v.</u>

19   <u>Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994); <u>Takeda v. Northwestern Nat'l Life Ins. Co.</u>, 765 F.2d

20   815, 821-22 (9th Cir. 1985).

21         Here, removal cannot be based on federal question jurisdiction.  The state court

22   pleadings and papers attached to the removal notice establish that the state court action is nothing

23   more than a simple unlawful detainer action, and is titled as such.  (<u>See</u> Dkt. No. 1 at 66-71. )

24   According to the state court complaint, plaintiff acquired the subject real property in Vacaville,

25   California after a foreclosure sale and is seeking to evict defendant from the property.  (Dkt. No.

26   1 at 68-69.)  This court has no jurisdiction over unlawful detainer actions, which are brought

3

1   pursuant to state law and fall strictly within the province of the state court.

2          Defendant contends that the action involves a federal question because his

3   property was wrongfully foreclosed upon, which allegedly amounted to a taking of real property

4   without due process in violation of the Fifth and Fourteenth Amendments to the United States

5   Constitution.  (Dkt. No. 1 at 2-3.)  However, plaintiff's complaint itself is strictly an action based

6   on the California unlawful detainer statutes.  Thus, defendant's reference to federal constitutional

7   violations can at best be characterized as a potential defense or counterclaim, neither of which is

8   considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.

9   Any defenses based on federal law must generally be raised in the state court action and do not

10  provide a basis for removal.  "A case may not be removed to federal court on the basis of a

11  federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both

12  parties admit that the defense is the only question truly at issue in the case."  ARCO Envtl.

13  Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108,

14  1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp.,

15  410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer

16  jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated

17  in the plaintiff's complaint.")

18          Furthermore, this action cannot be removed on grounds of diversity jurisdiction.

19  First, the amount in controversy does not exceed $75,000, because plaintiff's complaint

20  specifically seeks less than $10,000.  (Dkt. No. 1 at 67.)  Second, defendant is a citizen of

21  California, and therefore cannot remove the action from a California state court on the basis of

22  diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts

23  have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

24  laws of the United States shall be removable without regard to the citizenship or residence of the

25  parties.  *Any other such action shall be removable only if none of the parties in interest properly*

26  *joined and served as defendants is a citizen of the State in which such action is brought*")

4

1  (emphasis added).

2  Based on the aforementioned analysis, the court finds that remand is appropriate,

3  because the court lacks subject matter jurisdiction over plaintiff's unlawful detainer action

4  brought pursuant to California law.

5  CONCLUSION

6  For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

7  1.  Plaintiff's motion to remand (dkt. no. 7) be GRANTED;

8  2.  The action be remanded to the Solano County Superior Court;

9  3.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

10 Solano County Superior Court, and reference the state case number (FCM128634) in the proof of

11 service; and

12 4.  The Clerk be directed to close this case.

13 In light of the above-stated recommendations, IT IS ALSO HEREBY ORDERED

14 that the status (pre-trial scheduling) conference set for January 3, 2013, is VACATED.  If

15 necessary, the court will reschedule the date of that conference.

16 These findings and recommendations are submitted to the United States District

17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

18 (14) days after being served with these findings and recommendations, any party may file written

19 objections with the court and serve a copy on all parties.  Such a document should be captioned

20 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21 shall be served on all parties and filed with the court within fourteen (14) days after service of the

22 ////

23 ////

24 ////

25 ////

26 ////

1   objections.  The parties are advised that failure to file objections within the specified time may

2   waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

3   Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

4                    IT IS SO ORDERED AND RECOMMENDED.

5   DATED:  September 17, 2012

6

7

8   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26